# In re Division of West Third North Ward of Cheltenham Township

*Morris Gerber*, for petitioners.

*Willard C. Hetzel* and *Horace A. Davenport*, for election board.

HONEYMAN, J., March 17, 1961.—Exactly 20 registered electors of the election district in question filed their petition for the division of the subject election district into two or more election districts as the court may see fit. The petition alleges that there are approximately 1,500 registered electors in the said district; that such number is too many electors for one district; that serious congestion has been experienced in and about the polling place; that electors have been inconvenienced in their efforts to vote and possibly disenfranchised; that the election board in the said district during recent elections has been placed under enormous strain in order to process the electors and complete its computations and tallies, and that the convenience of the voters residing in the said district as well as the public interest will be promoted by dividing the said district into two or more separate election districts. By preliminary decree dated September 20, 1960, the court ordered the county board of elections to make a full investigation of the facts and report to the court its findings and recommendations as to the

division of the said election district. Pursuant to said preliminary decree, the county board of elections filed its report with the court. The said report sets forth that the county board of elections caused an "on the spot" investigation to be conducted during the general election of November 8, 1960, a United States Presidential Election, and the report reveals that during the course of the election, 1,464 electors out of approximately 1,600 registered electors were voted, this constituting in excess of 90 percent of the total registered electorate; that the election district in question had its normal complement of four voting machines, a judge of elections, a majority inspector, a minority inspector, a minority clerk and three machine inspectors, or a total of seven persons constituting the election board; that the polling place presently in use in the said election district is conveniently located for the registered electors of the entire district; that throughout election day there were never more than 15 persons waiting to vote, that in the last hour for voting no more than 30 persons voted, and no one was waiting to vote when the polls closed, and no elector, desirous of exercising his franchise, was disenfranchised in this election district. In the said report, the county board of elections concluded that in this election district the number of machines, the personnel and the location of the polling place were more than adequate to accommodate the electors of the district and, therefore, recommended to this court that the district not be divided in accordance with the prayer of the petition filed. The affidavit accompanying this report was executed by the two majority members of the County Board of Elections and not by the minority member of the board.

This proceeding is in accordance with sections 503 and 504 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, as amended and reënacted, 25 PS §§2703 and 2704. The latter section states as follows:

". . . the court of quarter sessions may make such order for the division, redivision, alteration, formation or consolidation of election districts, as will, in its opinion, promote the convenience of electors and the public interests."

Petitioners, through their counsel, contend that section 502 of the Pennsylvania Election Code, 25 PS §2702, contains a mandate that, upon petition for the division, the court must divide where the voters exceed such number that the result of the division will be election districts containing from 600 to 800 registered electors. With this contention, the court cannot agree. It is more consistent with the whole tenor of the Election Code to construe the language of section 502 in its entirety. This section reads as follows:

"Subject to the provisions of section 501 of this act, the court of quarter sessions of the county in which the same are located, may divide or redivide any borough, township or ward into two or more election districts of compact and contiguous territory, or alter the bounds of any election district, or form an election district out of two or more adjoining districts or parts of districts, or consolidate adjoining election districts, so as to suit the convenience of the electors and to promote the public interests. Election districts formed in boroughs, townships and wards in which voting machines are used shall contain between six hundred (600) and eight hundred (800) registered electors as nearly as may be. No election district shall be formed that shall contain less than one hundred (100) registered electors": Act of June 3, 1937, P. L. 1333, art. V, sec. 502.

It is obvious that the legislature intended the emphasis to be placed upon the convenience of the electors and the promotion of public interests, in the consideration by the courts of petitions to divide election districts. It is to be noted that the legislature in this re-

gard used the permissive "may." The language following the permissive "may" can only logically be construed to mean that 600 to 800 registered electors are the ideal minimum number for an election district and not the maximum number as petitioners herein contend. Immediately following the specification of numbers, the legislature then directs that no election district shall contain less than 100 registered electors, which further strongly indicates the legislature is thinking in terms of minimums and not maximums. Furthermore, in looking at other sections of the Election Code it becomes obvious that the legislature did not intend it to be mandatory upon the courts to divide all election districts insofar as possible to contain no more than 800 registered electors. In section 1104, article XI, of the Pennsylvania Election Code, 25 PS §3004, the legislature has directed that where voting machines are provided, the County Election Board may provide one voting machine for each 350 registered voters and shall provide one voting machine for each 600 registered voters or fraction thereof. It would be inconsistent for the legislature to require a division of an election district based upon a maximum number of electors to be between 600 and 800 in one section of the Election Code and in another section, make provisions for the second voting machine in a particular election district to accommodate those electors in excess of the number of 600. Therefore, the conclusion of the court is that the legislature intended the figure 600 to 800 registered electors to be a minimum standard for the size of an individual election district rather than the absolute maximum number of voters remaining in an election district after a division.

Since the matter of the convenience of the voters and the promotion of the public interest is the paramount consideration of the courts in these matters, and in view of the report and recommendation of the county

election board, the minority member thereof abstaining, the decree nisi entered herein should become the final decree of this court.

### Order

And now, March 17, 1961, it is hereby ordered and decreed that the prayer of the petition herein is denied and the division of the above-captioned election district is refused.